UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 16-54081

ANDRII GARAK and                                          Chapter 7
SVITLANA GARAK,
                                                          Judge Thomas J. Tucker
        Debtors.
_____/

UKRAINIAN FUTURE CREDIT UNION,

        Plaintiff,

    v.                                                    Adv. Pro. No. 17-4074

ANDRII GARAK and
SVITLANA GARAK,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING DEFENDANTS' COUNTERCLAIMS
CONTAINED IN THEIR "COUNTER-COMPLAINT"**

This adversary proceeding came before the Court for an initial scheduling conference on March 20, 2017. During that conference, Defendants' counsel acknowledged that the counterclaims Defendants filed against the Plaintiff, consisting of six counts (Counts I through V),[1] which Defendants labeled as a "Counter-Complaint" (Docket # 15), are property of the bankruptcy estate in the Defendants' related Chapter 7 case, which until March 20, 2017 were neither scheduled nor claimed as exempt.

The Court concludes that the Defendants' counterclaims must be dismissed for the

---

[1] The counter-complaint erroneously labels two different counts "Count IV" ("COUNT IV STATUTORY/REGULATORY VIOLATIONS FOR UNFAIR AND DECEPTIVE PRACTICES" and "COUNT IV CONCERT OF ACTION/CIVIL CONSPIRACY").

following reasons. As Defendants' counsel admitted during the March 20, 2017 scheduling conference, the counterclaims that Defendants are asserting arose before Defendants filed their pending Chapter 7 bankruptcy case. As a result, all of the counterclaims are property of the bankruptcy estate in the Chapter 7 case. This means that unless and until the Chapter 7 Trustee abandons these claims under 11 U.S.C. § 554, or the claims otherwise are no longer property of the bankruptcy estate, only the Chapter 7 Trustee has standing and authority to pursue these claims. *See, e.g., Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904 (6th Cir. 2012); *Michigan First Credit Union v. Smith* (*In re Smith*), 501 B.R. 325, 325-26 (Bankr. E.D. Mich. 2013); *In re Stinson*, 221 B.R. 726, 729, 731 & n.3 (Bankr. E.D. Mich. 1998).

After the initial scheduling conference on March 20, 2017, Defendants filed amended schedules in their bankruptcy case, which listed their counterclaims against the Plaintiff and stated the value of those counterclaims as "unknown."[2] Defendants also file amended Schedules C which claimed exemptions in the counterclaims in the amounts of $1,698.05 (Andrii Garak's claimed exemption) and $2,531.07 (Svitlana Garak's claimed exemption) for a total of $4,229.12 in claimed exemptions.[3]

Such exemptions cannot yet be deemed allowed in any amount, however, because Federal Rule of Bankruptcy Procedure 4003 gives parties in interest and the Chapter 7 trustee 30 days to object to any amended claims of exemptions. *See* Fed. R. Bankr. P. 4003(b)(1).

As matters currently stand, only the Chapter 7 Trustee may prosecute the counterclaims, and Defendants' continuing prosecution of these claims would violate the automatic stay, under

---

[2] *See* Debtors' amended Schedules A/B (Docket # 26 in Case No. 16-54081) at pdf p. 5.

[3] *See* Debtors' amended Schedules C (Docket # 26 in Case No. 16-54081) at pdf p. 8, 10.

11 U.S.C. § 362(a)(3). *See Smith*, 501 B.R. at 326; *Stinson*, 221 B.R. at 730-31.

Accordingly,

IT IS ORDERED that all of Defendants' counterclaims in their "Counter-Complaint" (Docket # 15) are dismissed, without prejudice to the right of the Chapter 7 Trustee to file and prosecute such claims, and without prejudice to the right of the Debtors/Defendants to file and prosecute such claims if, after, and to the extent that the claims are no longer property of the bankruptcy estate in Defendants' related bankruptcy case.

**Signed on March 21, 2017**  /s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

3

17-04074-tjt    Doc 20    Filed 03/21/17    Entered 03/21/17 09:13:31    Page 3 of 3